IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| KAITLIN MISSOH, | )    Civil Action No.: 3:26-cv-01538-CMC |
|             Plaintiff, | ) |
| vs. | ) |
| | )           **COMPLAINT** |
| COLUMBIANA CENTRE, LLC & ESC/FEDERAL, | )    **JURY TRIAL DEMANDED** |
|             Defendants. | ) |

The plaintiff, above named, complaining of the defendant, herein, would respectfully show:

1.   That the plaintiff is a resident and citizen of the County of Richland, State of South Carolina.

2.   That the defendant Columbiana Center, upon information and belief, is a limited liability company organized and existing under the laws of the State of Delaware and is licensed and authorized to transact business in the County of Lexington/ Richland, State of South Carolina.

3.   That the defendant ESC/Federal, upon information and belief is a limited liability company organized and existing under the laws of the State of Pennsylvania is licensed and authorized to transact business in the County of Lexington/ Richland, State of South Carolina

4.   That at all times hereinafter mentioned, the defendant is and was the owner, manager, or agent in possession of that certain business known as Columbiana Centre, LLC located at 100 Columbiana Cir, Columbia, SC 29212, said business being that of a mall open to the general public, including plaintiff, herein.

5.   That this court has jurisdiction of the parties and the subject matter herein as the incident at issue in this action occurred in Richland/Lexington County, State of

1

South Carolina and amount in controversy exceeds $75,000 and the parties are of diverse states.

6. That on or about December 23, 2023, plaintiff, Kaitlin Missoh, was a customer in defendant's store located at 100 Columbiana Cir, Columbia, SC 29212.

7. That at that time and place, plaintiff was a business invitee of the defendant, lawfully upon the premises, and the defendant owed plaintiff a duty to exercise reasonable care for her safety.

8. That as plaintiff walked in the food court area after procuring something to eat, the plaintiff suddenly slipped and fell in a pool of water and/or liquid substance on the floor.

9. That as a direct and proximate result of the negligence of the defendant, plaintiff suffered great physical harm and injury including past, present and future pain and suffering, medical expenses, mental anguish, impairment and loss wages. The losses are either permanent or continuing and plaintiff will continue to suffer the losses in the future.

10. That at the time of this incident, the defendant did not have any warning signs in the area where plaintiff fell warning her of the water and/or liquid substance on the floor and to warn her of the danger.

11. That the defendant was negligent in one or more of the following particulars to wit:

a. In negligently failing to inspect or adequately inspect or be aware of the unreasonably dangerous condition that existed, including failing to take affirmative action to ensure its business invitees are free from unreasonable harm;

b. In negligently failing to inspect or adequately inspect or be aware of the unreasonably dangerous condition that existed, including not training its employees to take affirmative action in making sure its business invitees can safely shop, including plaintiff, thereby creating a hazardous condition to members of the public, including plaintiff;

c. In negligently failing to correct or adequately correct the unreasonably dangerous condition, including the conspicuous pool of water and/or liquid

2

       substance on the floor, thereby creating an unreasonably dangerous condition for business invitees, including plaintiff;

d.    In negligently failing to conspicuously place a wet floor sign in the location of the pool of water and/or liquid substance on the floor to warn business invitees of the unreasonably dangerous condition that existed, thus creating a hazardous condition to members of the public and thus creating an unreasonably dangerous condition for plaintiff;

e.    In negligently failing to train and/or inadequately training its employees to protect the health and safety of business invitees of the defendant, including plaintiff, herein;

f.    In negligently failing to have sufficient corporate policies and/or in failing to follow its own corporate policy(ies) regarding the safety of business invitees, including plaintiff;

g.    In negligently failing to act reasonably under the circumstances;

h.    In negligently failing to render aid to plaintiff after the subject incident and/or negligently rendering aid to plaintiff after the subject incident; and

i.    In failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing.

All or one of which was the direct and proximate cause of the injuries and damages sustained by plaintiff, said acts being in violation of the statute laws of the State of South Carolina.

12. That plaintiff is informed and believes that prior to her fall, the defendant, through its employees, agents or servants, had actual and/or constructive knowledge of the water and/or liquid substance on the floor in the area where plaintiff slipped and fell.

13. That plaintiff is informed and believes that she is entitled to judgment against the defendant for actual and punitive damages in an amount to be determined by the trier of fact.

**WHEREFORE**, plaintiff prays for judgment against the defendants for actual and punitive damages in an amount to be determined by the trier of fact, for the cost of this action, and for such other and further relief as this court may deem just and proper.

**STANLEY LAW GROUP**

/s/Samuel Mokeba
**Samuel M. Mokeba**
**S.C. Bar No.: 17009**
**Mark B. Stanley**
**H. Ronald Stanley**
**Breon Walker Offord**
Attorneys for Plaintiff
1418 Park Street
Post Office Box 7722
Columbia, South Carolina 29202
Telephone: (803) 799-4700
Fax: (803) 799-3036
Email: mbstanley@stanleylawsc.com
Email: smokeba@stanleylawsc.com

Columbia, South Carolina

Dated: April 13, 2026